Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*THOMAS RUELAS*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RUELAS<br><br>    Plaintiff,<br><br>vs.<br><br>C. OVERAA & CO<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fair Labor Standards Act – Minimum Wage<br><br>2. Fair Labor Standards Act – Overtime<br><br>3. Fair Labor Standards Act – Retaliation<br><br>4. California Labor Code – Minimum Wage<br><br>5. California Labor Code – Overtime<br><br>6. California Labor Code – Retaliation (LC 1102.5)<br><br>7. California Labor Code – Failure to Pay Final Wages (LC 203)<br><br>8. Wrongful Termination in Violation of Public Policy (*Tameny*)<br><br>9. Fair Employment & Housing Act, Retaliation<br><br>***JURY TRIAL DEMANDED*** |

1
COMPLAINT FOR DAMAGES

Comes now Plaintiff THOMAS RUELAS, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1. Plaintiff Thomas Ruelas was employed by Defendant Overaa & Co. in a non-exempt position as a construction site safety operator. Plaintiff was not paid for all hours worked and was not paid overtime, giving rise to FLSA and Cal. Labor Code wage and hour claims. Plaintiff complained about not being paid as required, and also diligently performed his work as a safety officer, reporting unsafe conditions and intervening in dangerous workplace conditions. Defendant had a financial benefit if Plaintiff turned a blind eye to safety violations. Defendant retaliated against Plaintiff for complaining about pay and raising workplace safety issues. Such retaliation included racist insults. When Plaintiff did not acquiesce and persisted in asserting his rights, Defendant terminated him in retaliation. When Plaintiff gave prelitigation notice of an intent to sue, Defendant asserted Plaintiff was covered by a union collective bargaining agreement and was precluded from suit, channeled instead to arbitration. Plaintiff exhausted any such requirement by pursuing a union grievance and arbitration. The arbitrator determined as a threshold issue that Plaintiff was not an employee subject to the arbitration process.

## PARTIES

2. Plaintiff THOMAS RUELAS (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at all relevant times employed by Defendant C. OVERAA & CO. in California.

3. Defendant C. OVERAA & CO. (hereafter "DEFENDANT") is a private business and employer with its principal place of business in California within Contra Costa County.

## JURISDICTION, VENUE & ADMINISTRATIVE REMEDIES

4. The Court has federal question subject matter jurisdiction over this dispute because Plaintiff alleges violations of the Fair Labor Standards Act, 29 USC §201, *et seq*.

5. The Court has supplemental subject matter jurisdiction over this dispute because the allegations of the state law claims substantially overlap and are intertwined with the same series of events, transactions, and course of employment at issue in the federal claims.  28 U.S. Code § 1367.

6. The acts and omissions at issue in this pleading occurred within Contra Costa County.

7. DEFENDANT's headquarters are located within Contra Costa County.

8. Prior to filing this Complaint, PLAINTIFF gave notice to DEFENDANT of his claims.

9. DEFENDANT contended that PLAINTIFF'S claims were channeled into a union arbitration by a collective bargaining agreement.

10. On PLAINTIFF'S insistence, his union initiated an arbitration proceeding pursuant to the alleged collective bargaining agreement. The matter proceeded to a hearing.

11. The arbitrator in the union proceeding issued a written ruling that PLAINTIFF was not covered by a collective bargaining agreement, and declined to proceed further.

12. DEFENDANT did not appeal or otherwise challenge the arbitrator's decision.

13. PLAINTIFF obtained a right to sue letter with respect to his claims pursuant the California Fair Employment and Housing Act, and served that letter by depositing it with the U.S. Post Office via certified mail prior to filing this Complaint.

## GENERAL FACTUAL ALLEGATIONS

14. DEFENDANT operates a construction business.

15. At all times relevant to this Complaint DEFENDANT has employed over 200 people, and has over 15 employees based in Contra Costa County, California.

16. DEFENDANT provides construction services to large customers, including public entities.

17. In order to comply with applicable regulations and contracts with public entities, DEFENDANT is required to employ safety officers at many of its construction sites.

18. In general, safety officers evaluate and monitor health and safety hazards and develop strategies to control risks in the workplace. They inspect construction sites to ensure compliance with workplace safety regulations.

19. PLAINTIFF was at all relevant times employed by DEFENDANT, including within the period of January 28, 2020 through December 3, 2020 as a safety officer.
20. PLAINTIFF was hired as a non-exempt hourly employee.
21. DEFENDANT wished to have PLAINTIFF work as a salaried employee.
22. DEFENDANT did not pay PLAINTIFF for all hours worked, giving rise to a minimum wage violation under FLSA and the California Labor Code.  This included a failure to pay any additional wages when PLAINTIFF'S work exceeded eight hours a day.  This also included a failure to pay additional wages if PLAINTIFF worked through lunch.
23. DEFENDANT did not pay PLAINTIFF overtime when his workday exceeded 8 hours per day, giving rise to a California Labor Code overtime violation.
24. DEFENDANT did not pay PLAINTIFF overtime when his workweek exceeded 40 hours, giving rise to an FLSA overtime violation.
25. DEFENDANT did not allow PLAINTIFF 10 minute rest breaks in each 4 hour work period, giving rise to a California Labor Code claim for missed breaks.
26. DEFENDANT did not pay PLAINTIFF any statutory/civil premium wages for missed breaks and lunch periods.
27. DEFENDANT did not keep accurate records of PLAINTIFF's work hours.
28. DEFENDANT did not pay all wages due to PLAINTIFF when they were due on regular paydays.
29. PLAINTIFF complained to DEFENDANT about not being paid in accordance with the law.  DEFENDANT refused to pay PLAINTIFF properly despite his complaints.
30. DEFENDANT'S contracts with public entities require DEFENDANT to track and report certain safety violations.
31. The reports of safety officers in job positions such as the one PLAINTIFF held for DEFENDANT may document events that DEFENDANT should report to public entities.

32. The documented safety record of contractor companies such as DEFENDANT is a material issue considered by many public entity defendants in selecting which contractors to utilize for high-cost construction projects.
33. DEFENDANT has a financial incentive to minimize the number of reported safety violations.
34. PLAINTIFF at all times carried out his work as a safety officer in a reasonable and diligent manner.
35. PLAINTIFF documented numerous workplace safety violations in the course of his work for DEFENDANT.
36. PLAINTIFF intervened in and remediated unsafe working conditions in the course of his work for DEFENDANT.
37. The workplace safety violations and unsafe working conditions referred to above were violations of federal, state, and/or local statutes and regulations.
38. In the course of his work for DEFENDANT, PLAINTIFF established a means to more accurately track safety violations.
39. PLAINTIFF'S conduct resulted in safety violations being reported to employees of DEFENDANT with the authority to investigate, discover, or correct the violations or noncompliance incidents, resulted in notice to public officials who enforced such statutes and regulations, and caused DEFENDANT to believe PLAINTIFF would so-report violations to employees or authorities.  PLAINTIFF'S conduct in documenting safety violations and enforcing safety rules was also a refusal to participate in such unlawful conduct.
40. Although documenting and intervening in unsafe working conditions was ostensibly a key function of PLAINTIFF'S work, DEFENDANT did not wish PLAINTIFF to actually perform such tasks.  Instead, DEFENDANT desired for its employed safety officers to give pro forma approval to DEFENDANT'S actions and plans with minimal concern for the requirements of the safety officer position or the safety and wellbeing of DEFENDANT'S employees.

41. At times, PLAINTIFF encountered substantial resistance from DEEFNDANT with respect to rules compliance, even in settings where noncompliance could result in employee injury or death.
42. In retaliation for PLAINTIFF'S conduct to comply with safety requirements, supervising/managing employees of DEFENDANT cursed at DEFENDANT and used racially motivated language, such as comparing PLAINTIFF, a person of color, to a monkey.
43. PLAINTIFF formally complained to DEFENDANT about being subject to racially inappropriate language.
44. PLAINTIFF refused to stop complying with safety requirements.
45. PLAINTIFF refused to stop reporting safety violations.
46. DEFENDANT admonished, reprimanded, and ultimately terminated PLAINTIFF. DEFENDANT actions in this regard were substantially motivated by and taken because of PLAINTIFF'S protected activities alleged herein, including complaining about violation of his rights under FLSA, complaining about violation of his rights under the California Labor Code, reporting and resisting unlawful behavior, being perceived as a person who would further report and resist unlawful behavior, and complaining about improper speech/actions that PLAINTIFF reasonably perceived of as racially inappropriate and harassing.
47. As a direct and proximate result of his termination, PLAINTIFF suffered injury and attendant damages.
48. DEFENDANT'S conduct concerning wage and hour violations was intentional and knowing.  PLAINTIFF raised the issue of his improper payments with DEFENDANT multiple times, and DEFENDANT'S managers acknowledged and expressly disregarded PLAINTIFF'S complaints.
49. DEFENDANT'S termination of PLAINTIFF was undertaken with malice in that the termination was done in willful and knowing disregard of PLAINTIFF'S right to be free from retaliation for exercising his rights and was despicable in that reasonable people

would look down on and despise terminating an employee for the stated reasons as vile, base, and contemptible.

    a. DEFENDANT'S managing agents were aware that PLAINTIFF had engaged in the protected activities alleged herein because they had spoken to him about it prior to taking disciplinary action complied of herein.

    b. DEFENDANT'S managing agents had the specific intent to punish PLAINTIFF for his protected activities as evidenced by, among other things, their using objectively hurtful and racist language comparing PLAINTIFF to a "monkey," telling PLAINTIFF words to the effect that he should have made a better deal when he complained about not being paid as required by law, their trumping up frivolous grounds for admonishment and reprimand, and taking the extreme action of terminating PLAINTIFF without just cause in a setting where they believed PLAINTIFF could only be terminated for just cause.

    c. PLAINTIFF'S protected activities went to the heart of providing a decent and safe workplace in that he protected others from being hurt and killed on the job, complained of violation of the core employment bargain of a fair day's work for a fair day's pay, and complained about the being treated with the basic dignity of being spared racist barbs at work. By intentionally punishing PLAINTIFF for asserting such basic rights as to himself and such fundamental rights as to others, DEFENDANT acted in a way that was vile, base, and contemptable in the minds of ordinary reasonable people.

    d. for doing so when they determined to discipline and then terminate him. Further, DEFENDANT'S managing agents endorsed and ratified pre-termination conduct towards PLAINTIFF including admonishment and reprimanding.

50. As to state law claims asserted herein, all applicable statute of limitations periods are tolled from April 6, 2020 to August 3, 2020 pursuant to state law providing pandemic-related tolling as reflected in California Emergency Rule of Court No. 9.

7
COMPLAINT FOR DAMAGES

**FIRST COUNT**

**FAIR LABOR STANDARDS ACT – MINIMUM WAGE**

**29 USC § 206**

**(BY PLAINTIFF and AGAINST DEFENDANT)**

51. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

52. DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 206.

53. PLAINTIFF was at all relevant times DEFENDANT'S employee.

54. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.

55. PLAINTIFF was at all relevant times a non-exempt employee.

56. PLAINTIFF regularly worked through his lunches and also worked at least a full day of 8 hours of work in addition to the lunch period.  He was not paid any wages for the lunch period, and so for the lunch period was not paid minimum wage for that time.

57. PLAINTIFF often worked more than 40 hours per week, but was not paid any wages for such work such that he was not paid minimum wage for his working time over 40 hours per week.

58. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

59. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. 29 USC §216(b).

**SECOND COUNT**

**FAIR LABOR STANDARDS ACT – OVERTIME WAGES**

**29 USC § 207**

**(BY PLAINTIFF and AGAINST DEFENDANT)**

60. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

COMPLAINT FOR DAMAGES

61. DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 207.
62. PLAINTIFF was at all relevant times DEFENDANT'S employee.
63. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.
64. PLAINTIFF was at all relevant times a non-exempt employee.
65. PLAINTIFF regularly worked through his lunches and also worked at least a full day of 8 hours of work in addition to the lunch period on five days per week.  Consequently, he regularly worked overtime (more than 40 hours per week) throughout his course of employment with DEFENDANT.
66. PLAINTIFF often worked more than 40 hours per week, but was not paid overtime wages for such work.
67. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.
68. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. 29 USC §216(b).

### THIRD COUNT
### FAIR LABOR STANDARDS ACT – RETALIATION
### 29 USC § 215
### (BY PLAINTIFF and AGAINST DEFENDANT)

69. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.
70. DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 215.
71. PLAINTIFF complained to DEFENDANT of wage and hour violations as alleged herein during the course of his employment by DEFENDANT.
72. Defendant discharged and discriminated against PLAINTIFF as alleged herein because of such complaints about wage and hour violations.  Such discharge and discrimination

included but was not limited to admonishment, reprimand, and termination of PLAINTIFF'S employment.

73. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

74. PLAINTIFF is entitled "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" as well as attorney's fees and costs necessary for the collection of same.  29 USC §216(b).

## FOURTH COUNT

## CALIFORNIA LABOR CODE – MINIMUM WAGE

## CALIFORNIA LABOR CODE §§ 1194, 1197, 1197.1 and WAGE ORDER

## (BY PLAINTIFF and AGAINST DEFENDANT)

75. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

76. DEFENDANT at all relevant times was employer subject to the California Labor Code, including but not limited to §§ 1194, 1197, 1197.1, IWC Wage Order No. 16 (or other applicable Wage Order), and all other provisions requiring payment of minimum wage to its employees.

77. PLAINTIFF was at all relevant times DEFENDANT'S employee.

78. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.

79. PLAINTIFF was at all relevant times a non-exempt employee.

80. PLAINTIFF regularly worked through his lunches and also worked at least a full day of 8 hours of work in addition to the lunch period.  He was not paid any wages for the lunch period, and so for the lunch period was not paid minimum wage for that time.

81. PLAINTIFF often worked more than 8 hours per day and 40 hours per week, but was not paid any wages for such work such that he was not paid minimum wage for his working time over 8 hours per day or 40 hours per week.

82. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.
83. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, interest on unpaid wages, and attorney's fees and costs of the action necessary for the collection of same. *See, e.g.,* Cal Labor Code §§ 1197.1, 1194, 1194.2, IWC Wage Order 16 §4. Plaintiff also demands unpaid premiums.

## FIFTH COUNT
## CALIFORNIA LABOR CODE – OVERTIME WAGES
## CALIFORNIA LABOR CODE §§ 510. 1194, and WAGE ORDER
## (BY PLAINTIFF and AGAINST DEFENDANT)

84. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.
85. DEFENDANT at all relevant times was employer subject to the California Labor Code, including but not limited to §§ 510, 1194, 1197, 1197.1, IWC Wage Order No. 16 (or other applicable Wage Order), and all other provisions requiring payment of overtime wage to its employees.
86. PLAINTIFF was at all relevant times DEFENDANT'S employee.
87. PLAINTIFF was at all relevant times paid by DEFENDANT as an hourly employee, and was not salaried.
88. PLAINTIFF was at all relevant times a non-exempt employee.
89. PLAINTIFF regularly worked through his lunches and also worked at least a full day of 8 hours of work in addition to the lunch period on five days per week. Consequently, he regularly worked overtime (more than 40 hours per week and 8 hours per day) throughout his course of employment with DEFENDANT.
90. PLAINTIFF often worked more than 40 hours per week and 8 hours per day, but was not paid overtime wages for such work.
91. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

92. PLAINTIFF is entitled to payment of unpaid wages, liquidated damages of an equal amount, and attorney's fees and costs of the action necessary for the collection of same. *See, e.g.,* California Labor Code §§ 510, 1194, and Wage Order 16 §3. Plaintiff also demands unpaid premiums.

## SIXTH COUNT
## CALIFORNIA LABOR CODE – RETALIATION
## CALIFORNIA LABOR CODE § 1102.5
## (BY PLAINTIFF and AGAINST DEFENDANT)

93. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

94. DEFENDANT at all relevant times was employer subject to the California Labor Code, including but not limited to section 1102.5.

95. PLAINTIFF complained to DEFENDANT of violations of law and resisted violations of law as alleged herein.  PLAINTIFF also resisted unlawful conduct as alleged herein. This includes the alleged violations of wage and hour laws; alleged violations of safety standards that were statutory or regulatory in nature; and alleged violations of the California Fair Employment and Housing Act and related regulations.

96. DEFENDANT'S managing agents believed PLAINTIFF had made such disclosures and so resisted unlawful behavior as pled herein, and believed PLAINTIFF would further disclose and resist such unlawful behavior as pled herein.

97. PLAINTIFF had reasonable cause to believe that the information he disclosed demonstrated a violation of federal, state, and local regulations, including but not necessarily limited to: FLSA wage and hour rules; California Labor Code wage and hour rules, IWC Wage Order wage and hour rules; OSHA standards regarding worker safety, Cal OSHA standards regarding worker safety, and California Fair Employment Housing Act and related regulations.

98. Defendant discharged and discriminated against PLAINTIFF as alleged herein because of such disclosures and concerns about potential future disclosures. Such discharge and discrimination included but was not limited to admonishment, reprimand, and termination of PLAINTIFF'S employment. PLAINTIFF's protected disclosures were contributing factors in DEFENDANT'S actions concerning admonishment, reprimand, and termination.

99. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

100. PLAINTIFF is entitled to compensatory damages, attorney fees, and litigation costs. *See*, *e.g.,* Cal. Labor Code 1102.5.

101. Upon establishment of a *prima facie* case by PLAINTIFF, DEFENDANT must prove any defense by clear and convincing evidence in accordance with California Labor Code § 1102.6.

## SEVENTH COUNT

## CALIFORNIA LABOR CODE – FAILURE TO PAY FINAL WAGES

## CALIFORNIA LABOR CODE § 203

## (BY PLAINTIFF and AGAINST DEFENDANT)

102. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

103. DEFENDANT failed to pay PLAINTIFF all wages due at the time of his termination because the above-pled minimum wages and overtime wages were not paid. As a result, PLAINTIFF is entitled to 30 days additional wages. *See, e.g.,* California Labor Code §§ 203.

## EIGHTH COUNT

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## CALIFORNIA COMMON LAW – *TAMENY* CLAIM

## CACI NO. 2430

## (BY PLAINTIFF and AGAINST DEFENDANT)

104. All prior paragraphs of this Complaint, and those of the ninth cause of action, are incorporated by reference as though fully set forth herein.

105. As pled herein, DEFENDANT terminated PLAINTIFF from its employ, and a substantial motivating reason for that termination was PLAINTIFF engaging in statutorily protected activities under FLSA, Cal. Labor Code, FEHA, OSHA regulations, and Cal OSHA regulations.

106. PLAINTIFF suffered injury and attendant damages as a direct and proximate result of his termination of employment.

107. PLAINTIFF is entitled to an award of compensatory damages and costs of litigation.

## NINTH COUNT
## FAIR EMPLOYMENT AND HOUSING ACT (FEHA) – RETALIATION
## CALIFORNIA GOVERNMENT CODE 12940(h)
## CACI NO. 2505
## (BY PLAINTIFF and AGAINST DEFENDANT)

108. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

109. As pled herein, DEFENDANT terminated PLAINTIFF from its employ, and a substantial motivating reason for that termination was PLAINTIFF making a good faith complaint about improper race-based commentary that was objectively offensive and either did give rise to a valid harassment claim under FEHA or would give rise to such a claim if the substantially similar behavior continued unabated.

110. PLAINTIFF'S above-complaint was protected by the California Fair Employment and Housing Act ("FEHA").

111. PLAINTIFF suffered injury and attendant damages as a direct and proximate result of his termination of employment.

112. PLAINTIFF is entitled to an award of compensatory damages, attorney's fees, and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For compensatory damages (economic and non-economic) according to proof as to Counts 6, 8, 9.
2. For damages (unpaid wages) and liquidated damages according to proof as to Counts 1, 2, 3 4, 5.  For premiums (regulatory wages) per Wage Order for Counts 4, 5.
3. For interest on unpaid wages according to proof as to Counts 4, 5, 9.
4. For thirty days of wages according to proof as to Count 7.
5. For punitive damages according to proof as to Counts 6, 8, 9
6. For reasonable attorney fees according to proof as to Counts 1, 2, 3, 4, 5, 6, 9.
7. For costs of litigation as to all counts.
8. For pre-judgment and post-judgment interest as provided by law;
9. For such other and further relief as this court deems just and proper so as to provide all available remedies available at law or equity to the benefit of PLAINTIFF.

For the purposes of default judgment and due process, and subject to revision upwards or downwards according to proof, PLAINTIFF makes a specific demand per the Federal Rules of Civil Procedure.  PLAINTIFF demands $1,000,000.

Respectfully submitted,

Date: March 11, 2022                         CLAYEO C. ARNOLD, APLC

                                             By: /s/ Joshua H. Watson
                                                 Joshua H. Watson
                                                 Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff demands jury trial for all counts and issues subject to trial by jury.

Date: March 11, 2022                         CLAYEO C. ARNOLD, APLC

                                             By: /s/ Joshua H. Watson
                                                 Joshua H. Watson
                                                 Attorneys for Plaintiff